**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5001**
_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JILBERTO BAUTISTA VILLEGAS, a/k/a Laurentoni Baza Martinez,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:10-cr-00005-RLV-DCK-6)

_____

Submitted: August 22, 2012      Decided: August 24, 2012

_____

Before WILKINSON, GREGORY, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Norman Butler, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jilberto Bautista Villegas pled guilty to conspiracy to distribute and possess with intent to distribute cocaine. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising the following issue: whether the district court erred under Fed. R. Crim. P. 32 in sentencing Villegas to 120 months of imprisonment. Although informed of his right to do so, Villegas has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

We review Villegas' sentence for reasonableness using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include improperly calculating the advisory Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) sentencing factors, sentencing using clearly erroneous facts, or failing to adequately explain the sentence. Gall, 552 U.S. at 51. Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Here, we discern no basis to conclude that Villegas'
within-Guidelines sentence was either procedurally or
substantively unreasonable.  See <u>United States v. Powell</u>, 650
F.3d 388, 395 (4th Cir.) (noting this court presumes sentence
within applicable Guidelines range to be reasonable), <u>cert.</u>
<u>denied</u>, 132 S. Ct. 350 (2011).  We also note that Villegas
avoided a mandatory twenty-year sentence because the Government
withdrew its 21 U.S.C. § 851 (2006) notice.  Thus, Villegas'
challenge to the propriety of his sentence lacks merit.

In accordance with <u>Anders</u>, we have reviewed the record
in this case and have found no meritorious issues for appeal.
We therefore affirm Villegas' conviction and sentence.  This
court requires that counsel inform Villegas in writing, of the
right to petition the Supreme Court of the United States for
further review.  If Villegas requests that a petition be filed,
but counsel believes that such a petition would be frivolous,
then counsel may move in this court for leave to withdraw from
representation.  Counsel's motion must state that a copy thereof
was served on Villegas.  We dispense with oral argument because
the facts and legal contentions are adequately presented in the
materials before the court and argument would not aid the
decisional process.

<u>AFFIRMED</u>

3